01

02

03

04

05

06

07                          UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
08                                    AT SEATTLE

09    RICHARD A. CASE,                        )
                                              )   CASE NO. C05-2074TSZ
10                        Plaintiff,          )
                                              )
11              v.                            )   ORDER
                                              )
12    JOHN TAYLOR HICKS, et al.,              )
                                              )
13                        Defendants.         )
      _____  )

14

15

16          The Court ADOPTS the Report and Recommendation, docket no. 23, with the

17    following clarifications.   Although plaintiff contends that the Court must grant him

18    leave to amend his complaint, the Court need not grant leave to amend in lieu of

19    dismissal if the Court determines that the deficiencies in his complaint could not

20    possibly be cured by the allegation of other facts.   Lopez v. Smith, 203 F.3d 1122, 1130

21    (9th Cir. 2000) (en banc).   Here, plaintiff's complaint alleges that the defendants

22    conspired to fabricate evidence against him in his criminal case.   Compl., docket no. 8.

ORDER -1

Success on plaintiff's claim in this case would necessarily undermine his state criminal conviction, which plaintiff concedes has not been reversed, expunged, or invalidated. Therefore, the Court need not grant plaintiff leave to amend because he can plead no set of facts that would establish a cognizable claim for relief under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477 (1994); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief) . . . if success in that action would necessarily demonstrate the invalidity of confinement . . . ."). Plaintiff's claims are DISMISSED without prejudice.

The Court further DENIES plaintiff's motion for an extension of time, docket no. 24. Although captioned as a motion for an extension of time, the Court construes plaintiff's motion as a request for leave to amend his complaint to state new claims for relief against new parties. Specifically, plaintiff seeks to abandon his section 1983 claims in lieu of alternative relief under the federal declaratory judgment and mandamus statutes. Plaintiff requests that this Court issue a Writ of Mandamus directing the state court that heard his criminal case to process his motion for relief from judgment, which plaintiff contends the state court has ignored. Plaintiff's proposed amendments would not state a cognizable claim for relief because this Court is without jurisdiction to issue a writ of mandamus to a state court. See Smith v. Thompson, 437 F. Supp. 189, 191 (E.D. Tenn. 1976) (holding that the federal court did not have jurisdiction to issue a writ of mandamus directing a state court to act on plaintiff's post-conviction petition for

01 relief); <u>Clark v. Washington</u>, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are

02 without power to issue writs of mandamus to direct state courts or their judicial officers

03 in the performance of their duties . . . .").

04      The Clerk is directed to send copies of this Order to all counsel of record, to

05 plaintiff pro se, and to Magistrate Judge Theiler.

06      DATED this 25th day of October, 2010.

07

08

09

10                 Thomas S. Zilly
                United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER -3